OVERTON, Justice.
 

 Mrs. Madeline Weber Arnold died on October 12, 1925. For over twenty years she was affected with a cancer of the face, which eventually caused her death. Her husband, Wendel Arnold, died on April 17, 1930. For some ten years he was affected with a rupture, which grew worse as the years passed, finally reaching a serious stage. He died, however, of pneumonia, following an attack of influenza.
 

 The successions of the husband and the wife were opened at the same time. The deceased left four children, all of whom are grown, and also an estate consisting of community property. There is listed on the inventory a claim of $9,765.14, in favor of the successions of the deceased, against Mrs. Mary Arnold, wife of Peter Dauenhauer, a daughter of the deceased. It is this claim, which is treated as so much money in hand, that is in dispute.
 

 Ón March 25, 1931, Frederick Arnold, Charles Arnold, and Louise Huber, widow of William Huber, children of the deceased, filed á proceeding in this succession, in which they allege that the administrator of the succession, Frederick Arnold, has made diligent effort, without success, to find any debts due by the succession, and hence there is no further necessity for an administration. They also allege that they desire to accept the succession, and to be placed in possession together with their sister, Mrs. Dauenhauer, of all the property of the succession, and particularly of the $9,765.14, listed in the inventory. They further allege that this money is in the hands of Mrs. Dauenhauer, and that they desire to have a partition thereof. They pray that this money be delivered by Mrs. Dauenhauer to a notary public to effect the partition, and that should Mrs. Dauenhauer fail to deliver the money to the notary for that purpose, then they ask for judgment against her in the sum of $2,441.28 each, which, they allege to be the amount of each heir’s interest in the money.
 

 Mrs. Dauenhauer answered this petition, denying that plaintiffs have any right to the money. She contends that the money was delivered to her by her father, some sixteen months before his death, in compensation for over twenty years of care and nursing, given by her to her mother, Mrs. Arnold, and for some years’ attention, given by her to her father, Wendel Arnold. She also pleads the prescriptions of one, two, three, five, and ten years against the recovery of the money. In the event that this alleged settlement is not recognized, then she prays for judgment against the succession for $80,000 for nursing her mother and $11,000 for the care and nursing of her father, and for $932.75 for the funeral expenses of both of them, as well as for $9.30 for inscriptions made on their tombs.
 

 
 *661
 
 There was judgment below in favor of each of the three plaintiffs for $2,233.98, this being the proportionate share of each in the total sum sued for, less $430.30 for the funeral expenses of the father, paid by Mrs. Dauenhauer.
 

 The decedents, Arnold and Mrs. Arnold, accumulated during marriage a small estate. Not long before the death of Mrs. Arnold the realty accumulated was sold by them, and the proceeds deposited eventually in the savings departments of two banks. On January 3, 1929, Arnold withdrew from one of the savings banks $4,005.54, and caused the amount to be placed to the credit of his daughter, Mrs. Dauenhauer, with whom he had been living for some years. On the following day, he withdrew from the other savings bank the sum of $5,360.62, and caused it to be put in that bank to the credit of Mrs. Dauenhauer. When these transfers were made, Arnold was sick in bed, and the transfers were made at his home.
 

 There is no dispute as to the making of the foregoing transfers. The dispute is as to whether they were intended as transfers of the money to Mrs. Dauenhauer, giving her title to it, or whether they were a mere placing of the accounts in her name for purposes of convenience.
 

 There is evidence, given hy an officer of one of the banks (who seems to be wholly disinterested, who impressed the trial judge, and who impresses us), that Arnold said, at the [imp of the transfer in his bank, that he desired to make the transfer, as he was unable to attend to his business, due to age and feebleness, and that he thought that he would not be able to come to the bank again, and that therefore he had concluded to transfer the account to his daughter. On the other hand, there is evidence, given by Mrs. Dauenh'auer, that Mr. Arnold transferred the money to her for nursing him and her mother. This evidence is supported by the evidence of Mrs. Bordelaise, a daughter of Mrs. Dauenhauer, who testified to the same effect as did her mother.
 

 In our opinion the circumstances surrounding the entire matter (especially the fact that this money seems to have been all that Arnold had; that it is unlikely, in these circumstances, that he would have parted with all he had; that Arnold was old and feeble; and that throughout the years of nursing done, Mrs. Dauenhauer was of very limited means; and that if there was any intention to charge and pay for this nursing, payments could, and would likely, have been made at various intervals, since the means were at hand) throw the weight of the evidence with plaintiffs. The trial judge thought so, and we should give weight to his opinion on a question of fact
 

 The pleas of prescription filed are overruled. The plea of prescription of ten years is not pertinent, for Mrs. Dauenhauer has not had the fund for ten years, and, as to the remaining prescriptions, it suffices to point out that they are not applicable for the fund was a trust fund in the hands of Mrs. Dauenhauer. ■
 

 Relative to Mrs. Dauenhauer’s alternative demand for $91,000 for the care and nursing of her father and mother, which she alleges is due her by their successions, it would suffice to point out that these successions are not parties to this proceeding, and therefore that judgment could not be ren
 
 *663
 
 dered 'against them. Aside from this, the evidence satisfies us, as it did the trial judge, that nothing is due thereon, although the ■work was faithfully done. During a large part of the time that the nursing was being done, Mr. and Mrs. Arnold, as a matter of convenience, were living with Mrs. Dauenhauer, paying board, and due to her husband’s inability to work much, because of his poor health, doubtlessly contributed to the household expenses sufficiently, from time to time, to compensate her for what she was doing.
 

 The judgment is affirmed.
 

 ODOM, J., dissents.